# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

DANIEL ERIC COBBLE,

    Petitioner,

v.

WARDEN MARTY ALLEN,

    Respondent.

CIVIL ACTION NO.: 6:17-cv-105

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Daniel Eric Cobble ("Cobble"), an inmate at Georgia State Prison in Reidsville, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons set forth below, the Court **DENIES** Cobble's Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 2.) In addition, I **RECOMMEND** the Court **DISMISS without prejudice** Cobble's Petition for failure to prosecute and failure to follow this Court's Order, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Cobble leave to appeal *in forma pauperis*.

## BACKGROUND

Cobble filed his Petition along with a Motion for Leave to Proceed *in forma pauperis* on June 16, 2017, in the United States District Court for the District of Columbia. (Docs. 1, 2.) Cobble's Petition was transferred to this Court, and on August 25, 2017, the Court deferred ruling on Cobble's *in forma pauperis* Motion and directed Cobble to file an Amended Petition. (Doc. 6.) Cobble's original Petition was "illegible and incomprehensible," and "[i]n its current form, the Court [could not] determine the circumstances surrounding Cobble's detention or the

relief he seeks." (Id. at p. 1.)  Additionally, the Court directed Cobble to file a new Motion for Leave to Proceed *in Forma Pauperis* because his original filing was unresponsive to the form's questions.  (Id. at pp. 1–2.)  However, Plaintiff failed to file either an Amended Petition or an appropriate Motion for Leave to Proceed *in Forma Pauperis*.

**DISCUSSION**

**I.   Dismissal for Failure to Prosecute and Failure to Follow this Court's Orders**

A district court may dismiss claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket.  Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.

2

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

The Court ordered Cobble to file an appropriate Motion to Proceed *in Forma Pauperis* and to amend his Petition. However, Cobble failed to file either of these documents. With Cobble having failed to file a response to this Court's Order, the Court is unable to move forward

with this case. Furthermore, the Court has no means to collect the filing fees in this case, as required by Rule 3 of the Rules Governing Section 2254 Petitions.[2] Cobble was provided ample time to follow the Court's directives, but Cobble has not made any effort to do so or to inform the Court as to why he cannot comply. Indeed, Cobble has not taken any action in this case since filing his Petition and Motion with the United States District Court for the District of Columbia on June 16, 2017.

Accordingly, the Court should **DISMISS without prejudice** Cobble's Petition for failure to prosecute and failure to follow this Court's Orders.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Cobble leave to appeal *in forma pauperis*. Though Cobble has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is

---

[2] Petitions brought pursuant to 28 U.S.C. § 2241 are also governed by the Rules Governing Section 2254 Petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases.

4

frivolous and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Cobble *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Cobble's Motion to Proceed *in Forma Pauperis*, (doc. 2). Furthermore, I **RECOMMEND** the Court **DISMISS without prejudice** Cobble's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Cobble leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Cobble.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 13th day of October, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA